IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| REGISTER COMMUNICATIONS, INC., | : | CHAPTER 11 |
|     Debtor | : | CASE NO. 15-52823 |
| | : | |
| RADIO PERRY, INC., | : | CHAPTER 11 |
|     Debtor | : | CASE NO. 16-52371 |
| | : | |
| RADIO PEACH, INC., | : | CHAPTER 11 |
|     Debtor | : | CASE NO. 16-52372 |
| | : | |
| LOWELL L. REGISTER, SR. and | : | CHAPTER 11 |
| JANICE J. REGISTER, | : | CASE NO. 17-51445 |
|     Debtors | : | |
| | : | |
| REGISTER COMMUNICATIONS, INC.; RADIO | : | |
| PERRY, INC.; RADIO PEACH, INC.; LOWELL L. | : | |
| REGISTER, SR.; and JANICE J. REGISTER, | : | CONTESTED MATTER |
| | : | |
|     Movants | : | |
| | : | |
| v. | : | |
| | : | |
| GREEN BULL GEORGIA PARTNERS, LLC; | : | |
| TAX COMMISSIONER OF BIBB COUNTY, GEORGIA; | : | |
| TAX COMMISSIONER OF HOUSTON COUNTY, | : | |
| GEORGIA; TAX COMMISSIONER OF TWIGGS | : | |
| COUNTY, GEORGIA; UNITED STATES INTERNAL | : | |
| REVENUE SERVICE; and UNITED STATES FEDERAL | : | |
| COMMUNICATION COMMISSION, | : | |
| | : | |
|     Respondents | : | |

**MOTION TO APPROVE SALE OF PROPERTY AND ENTRY OF AN ORDER:
(A) AUTHORIZING THE SALE OF DEBTORS' INTEREST IN PROPERTY
PURSUANT TO 11 U.S.C. § 363 AND F.R.B.P. 6004, FREE AND CLEAR OF LIENS,
CLAIMS, AND INTERESTS, WHICH SHALL ATTACH TO PROCEEDS OF SUCH
SALE; (B) AUTHORIZING PAYMENT OF CLOSING COSTS; AND (C) GRANTING
RELATED RELIEF**

COME NOW Register Communications, Inc.; Radio Perry, Inc.; Radio Peach, Inc.; Lowell L. Register, Sr.; and Janice J. Register, Debtors and Debtors-in-Possession in the above-styled Chapter 11 Bankruptcy Cases (the, "Debtors" or "Movants"), by and through their counsel of record, and file this Motion to sell certain real estate, broadcast licenses, equipment, and related assets of WXIA, as described in more detail in the attached Sale Contracts (the "Property") free and clear of liens, claims and interests, with such liens, claims and interests attaching to the proceeds of sale, pursuant to 11 U.S.C. §§ 363, 365, and 506(a) and F.R.B.P. 3012, 6004, and 9014 (the "Motion"), and respectfully show the following:

## PARTIES, JURISDICTION, AND VENUE

1. On December 9, 2005, Debtor Register Communications, Inc. filed its voluntary petition in this Court for reorganization under Chapter 11 of the United States Bankruptcy Code. Debtor continues to manage its properties as Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 15, 2016, Debtor Radio Perry, Inc. filed its voluntary petition in this Court for reorganization under Chapter 11 of the United States Bankruptcy Code. Debtor continues to manage its properties as Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On November 15, 2016, Debtor Radio Peach, Inc. filed its voluntary petition in this Court, for reorganization under Chapter 11 of the United States Bankruptcy Code. Debtor continues to manage its properties as Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. On July 7, 2017, Debtors Lowell L. Register, Sr. and Janice J. Register filed their joint voluntary petition in this Court for reorganization under Chapter 11 of the United States

Bankruptcy Code. Debtors continue to manage their properties as Debtors-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.  No creditors' committee has been appointed in these Cases. No trustee or examiner has been appointed.

6.  Respondent Green Bull Georgia Partners, LLC ("Green Bull") may be served via first class mail upon its attorney of record, John McGoldrick, Martin Snow, PO Box 1606, Macon GA 31202-1606. Green Bull is subject to the jurisdiction and venue of this Court. Green Bull claims to hold a first priority security interest in the Property.

7.  Respondent Tax Commissioner of Bibb County, Georgia ("Bibb Tax Commissioner") may be served via first class mail at PO Box 4724, 188 Third Street, Macon GA 31208-4724, with a copy to its attorney of record, Blake Lisenby at Lisenby and Associates, 777 Walnut Street, Macon GA 31201. Bibb Tax Commissioner is subject to the jurisdiction and venue of this Court. Bibb Tax Commissioner may claim an interest in the Property based upon its Proof of Claim No. 1 in the Register Communications case in the amount of $14,671.53.

8.  Respondent Tax Commissioner of Houston County, Georgia ("Houston Tax Commissioner") may be served at 201 Perry Parkway, Perry, Georgia 31069. Houston Tax Commissioner is subject to the jurisdiction and venue of this Court. Houston Tax Commissioner may claim an interest in the Property based upon its Proof of Claim No. 8 in the Radio Perry case in the amount of $6,782.03.

9.  Respondent Untied States Internal Revenue Service ("IRS") may be served at 2970 Market Street, Philadelphia PA 19101-7317, with service also upon the Attorney General of the United states and the United States Attorney for Middle District of Georgia. IRS is subject to the jurisdiction and venue of this Court. IRS may claim an interest in the Property based on its Proof

of Claim No. 1 in the Radio Perry case in the amount of $235,089.18.

10. Respondent Tax Commissioner of Twiggs County, Georgia ("Twiggs Tax Commissioner") may be served via first class mail at PO Box 187, Jeffersonville GA 31044. Twiggs Tax Commissioner is subject to the jurisdiction and venue of this Court. Twiggs Tax Commissioner may claim an interest in the Property based upon its Proof of Claim No. 7 in the Radio Perry case in the amount of $30,312.11.

11. Respondent United States Federal Communication Commission ("FCC") may be served via first class mail c/o Thomas F. Driscoll, III, 445 12th Street, Washington DC 20554 with service also upon the Attorney General of the United States and the United States Attorney for the Middle District of Georgia. FCC is subject to the jurisdiction and venue of this Court. FCC may claim an interest in the Property based upon its Proof of Claim No. 4 in the Radio Peach case in the amount of $22,225.00. FCC has also requested that certain provisions be included in any sale approval order, as hereafter provided.

12. This Motion is a Contested Matter under F.R.B.P. 9014.

13. Jurisdiction over this matter and over the Respondents is proper in the United States Bankruptcy Court for the Middle District of Georgia - Macon Division pursuant to 28 U.S.C. § 1334.

14. Venue in this matter is proper in the United States Bankruptcy Court for the Middle District of Georgia - Macon Division pursuant to 28 U.S.C. §§ 1408 and 1409.

15. This Contested Matter is a core proceeding and may be heard and determined by this Court, pursuant to 28 U.S.C. § 157(b)(1) and § 157(b)(2)(A), (B), (K), (N), and (O). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 363, 365, and 506 and F.R.B.P. 3012, 6004, 6006, and 9014.

## OFFERS SUBMITTED

16. On or about March 20, 2015, Debtors filed a motion to approve compromise with Green Bull pursuant to a settlement agreement attached thereto. Under the terms of the settlement agreement, Debtors agreed to market and sell the Property.

17. In association with their agreement to sell, Debtors retained Heritage Capital Group, Inc. ("Heritage") as brokers. Heritage's employment was approved in the Register Communications case on March 27, 2018 [docket no. 201], in the Radio Perry case on March 19, 2018 [docket no. 70], in the Radio Peach case on March 19, 2018 [docket no. 72], and in the Lowell L. Register, Sr. and Janice J. Register case on March 27, 2018 [docket no. 83].

18. On or about December 16, 2018, Ventura Media Communications, LLC, an Idaho limited liability company ("Ventura" or "Buyer"), as Buyer, entered into a certain proposed Purchase and Sale Agreement with Debtors (the "Sellers") (the "Proposed Sale Contract") for the purchase and sale of the Property. A true and correct copy of the Proposed Sale Contract, including all addendums and amendments, is attached hereto as Exhibit A and incorporated herein by this reference.

19. On December 17, 2018, Debtors received a letter of intent from Vital, Inc. ("Vital"). A copy of which is attached hereto as Exhibit "B."

20. The Proposed Sale Contract of Ventura provides that Debtors shall sell the Property to the Purchaser for a purchase price of $1,800,000.00, including Sellers' Twiggs county real estate, but excluding the Sellers' Houston or Bibb county real estate. The Sale Contract provides for $200,000.00 in earnest money to be deposited with and held in the trust account of James, Bates, Brannan, Groover, LLP.

21. The Vital letter of intent is for $2,590,000.00 and payable as provided in Exhibit "B."

22. Debtors believe that there may be other offers for the property from other buyers.

## SUMMARY OF RELIEF REQUESTED

23. Debtors hereby move for the entry of an Order, pursuant to 11 U.S.C. §§ 363, 365, and 506 and F.R.B.P. 3002, 3012, 6004, 6006, and 9014:

    a. determining the highest and best offer for the property;

    b. authorizing the Debtors' assumption and performance of the approved Contract;

    c. authorizing Debtors' sale of the Property in accordance with the Contract, and authorizing and approving the sale, pursuant to 11 U.S.C. § 363 and F.R.B.P. 6004, free and clear of liens, claims, and interests, with such liens, claims, and interests, if any, to attach to the net proceeds of such sale;

    d. determining the extent, validity, and priority of all claims to the proceeds of the sale of the Property;

    e. authorizing disbursal of the proceeds of the sale as follows:

        i. payment to the Respondent Tax Commissioners for liens for unpaid *ad valorem* taxes assessed against the Property through the closing of the sale;

        ii. payment of all usual, customary, and reasonable costs associated with the sale or as agreed in the Sale Contract;

        iii. payment of the reasonable costs of the Debtors in arranging for the sale of the Property under 11 U.S.C. § 506(c);

        iv. payment of broker's commission to Heritage per its retention orders[1]; and

        v. Payment to Green Bull at closing; and

---

[1] Certain issues have arisen concerning a claim of commission by Hadden & Associates in the Ventura transaction, and as to whether Seller or Buyer is to be responsible for those commissions.

  f.  granting other relief as set forth herein.

24. Debtors expressly reserve the right to modify the relief requested in this Motion prior to or at any hearing that may be held concerning this Motion. Debtors reserve the right to pursue any available cause of action or counterclaim against the Respondents and reserves the right to object to any claim filed or scheduled on behalf of Respondents.

## SALE OF THE PROPERTY IS WARRANTED UNDER SECTION 363

25. Sale of the Property is in the best interest of creditors in this case.

26. A trustee's decision to sell assets is governed by the business judgment rule, whether the sale is before or after confirmation of a plan. To obtain court approval to sell property under 11 U.S.C. § 363(b), a debtor need only show a legitimate business justification for the proposed action. See, e.g., Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). When a valid business justification exists, the law vests the debtor's decision to sell property out of the ordinary course of business with a strong presumption "that in making a business decision," the debtor "acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests" of the debtor. Official Committee of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.), 147 B.R. 650, 656 (S.D.N.Y. 1992). Accordingly, parties challenging a debtor's decision must make a showing of "bad faith, self-interest or gross negligence." Integrated Resources, 147 B.R. at 656 (internal citations omitted).

27. Ample business justification exists in the instant case for the sale of the Property to the respective Purchaser because Debtors believe that the sale price for the Property is at or above the market price. Additionally, the Property has been marketed for sale for approximately one year, which is sufficient time to expose the Property for sale. Moreover, the net proceeds from the sale of the Property are essential to Debtor's reorganization efforts.

### FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES

28. Debtors request authorization to sell the Property free and clear of all interests, including, but not limited to, all liens, claims, and encumbrances, that may be asserted in, to, or against the Property, with such liens, claims, and encumbrances to attach to the proceeds from the sale of the Property to the same extent and priority that the liens of such lienholders previously attached to the Property. In accordance with 11 U.S.C. § 363(f), a debtor-in-possession may sell property under 11 U.S.C. § 363(b) "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f); In re Elliot, 94 B.R. 343, 354 (E.D. Pa. 1988) (because § 363(f) is written in the disjunctive, a court may approve sale "free and clear" provided that at least <u>one</u> of the subsections is met). Debtor believes that he satisfies, at a minimum, one of the required

conditions.

## GOOD FAITH PURCHASER

29. Section 363(m) of the Bankruptcy Code provides that "the reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or lease such property in good faith." 11 U.S.C. § 363(m).

## PAYMENT OF SALES COMMISSIONS, CLOSING COSTS, AND OTHER COSTS ASSOCIATED WITH THE SALE.

30. Section 506(c) of the Bankruptcy Code provides that "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property."

31. Consistent with the relief requested, *supra*, Debtors request that all their reasonable attorney's fees and costs, along with and all closing costs, if any, that have been attributed to Debtors under the Sale Contract be paid from the gross proceeds of the proposed sale. Debtors will make a proffer of such fees at the hearing on approval of the sale.

## FCC APPROVAL

32. By virtue of filing in Debtors' cases, FCC has requested that any sale order include the following language:

> Notwithstanding any other provision of this Order or any other Order of this Court, no assignment of any rights and interests of Debtor in any federal license or authorization issued by the Federal Communications Commission ("FCC") shall take place prior to the issuance of FCC regulatory approval for such assignment pursuant to the Communications Act of 1934, as amended, and the rules and regulations promulgated thereunder. The FCC's rights and powers to take any action pursuant to its regulatory authority, including, but not limited to, imposing any regulatory conditions on such assignments and setting any regulatory fines or forfeitures, are fully preserved, and nothing herein shall

proscribe or constrain the FCC's exercise of such power or authority to the extent provided by law.

33. Debtors agree that it is appropriate to include this language in any sale approval order.

### SERVICE AND NOTICE

34. Debtors will serve this Motion and the Notice of Hearing thereon on (a) the United States Trustee; (b) the named Respondents; (c) other parties who have requested notice or copies of such matters in this Case; and (d) all other creditors and parties-in-interest in this Case, as directed by F.R.B.P. 2002, 6004, and 6006. Debtors shall serve all additional parties as the Court may direct.

### WAIVER OF STAY PROVISION

35. Debtors believe that time is of the essence in closing the transaction by the contemplated Closing Date. Therefore, Debtors request that the Court waive the fourteen (14) day stay of any order approving this Motion pursuant to F.R.B.P. 6004(h) and 6006(d).

WHEREFORE, Debtors respectfully request that this Motion be inquired into and that the same be GRANTED AND APPROVED; that this Court enter an order granting the relief requested herein; and that this Court grant such other and further relief as it deems just and proper.

BOYER | TERRY, LLC
By:

/s/

WESLEY J. BOYER
Georgia Bar No. 073126
Counsel for Debtors/Movants
348 Cotton Avenue, Suite 200
Macon, Georgia 31201
(478) 742-6481
Wes@BoyerTerry.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served copies of the

MOTION TO APPROVE SALE OF PROPERTY AND ENTRY OF AN ORDER:
(A) AUTHORIZING THE SALE OF DEBTORS' INTEREST IN PROPERTY PURSUANT TO
11 U.S.C. § 363 AND F.R.B.P. 6004, FREE AND CLEAR OF LIENS, CLAIMS, AND
INTERESTS, WHICH SHALL ATTACH TO PROCEEDS OF SUCH SALE; (B)
AUTHORIZING PAYMENT OF CLOSING COSTS; AND (C) GRANTING RELATED
RELIEF

upon the following:

Green Bull Georgia Partners, LLC
c/o John T. McGoldrick, Jr.
PO Box 1606
Macon, GA 31202-1606

Elizabeth Hardy, Esq.
440 MLK Jr. Blvd., Suite 302
Macon GA 31201

via the Court's electronic notification system this 17th day of December, 2018.

_____
WESLEY J. BOYER