# Exhibit B

**Vital Letter Of Intent**



December 17, 2018

Hadden and Associates
Heritage Capital Group Inc.
4417 Beach Boulevard
Suite 302
Jacksonville, FL 32207

Re:   Purchase of WPGA TV Macon, Georgia

Dear Sirs,
This Letter of Intent ("Letter of Intent") sets forth certain basic terms under which Vital Inc. or other affiliated entity now or hereafter formed by Vital Inc. ("Buyer") would be interested in acquiring substantially all of the assets of WPGA TV , Macon Georgia as described in **Exhibit A** attached hereto and incorporated herein by this reference (the "Property") from  , Georgia ("Seller") and in accordance with the following provisions.

You will notice that this Letter of Intent sets forth specific details as to the proposed transaction. We have found that addressing business issues in a comprehensive manner at the outset expedites negotiation and finalization, and this Letter of Intent is intended as the first step in this mutually beneficial process.

Nevertheless, please be advised that except as to the exclusivity of dealings and/or the confidentiality provisions set forth herein, this Letter of Intent is not binding on the parties and is only an expression of the contemplated basic terms and conditions to be incorporated in a formal written Purchase Agreement.

This Letter of Intent does not obligate either party to proceed to the completion of a written Purchase Agreement hereinafter identified. Neither party may rely on this Letter of Intent as creating any legal obligation of any kind, except to the extent expressly set forth herein.

- **ASSETS TO BE SOLD:**

WPGA TV Macon, Georgia shall be set forth in **Exhibit A** attached hereto and incorporated herein by this reference. The WPGA TV Macon, Georgia is being sold as a debtor in possession including but not limited to cash on hand or deposits with third parties, machinery, equipment, furniture, fixtures, leasehold improvements, federal grants, accounts receivable, vehicles, tools, supplies, inventory, work in process, the name WPGA T V Macon, Georgia, contract rights, books, records, trade secrets, technical information, and general intangibles.

- **BUYER:**

Vital I-Net Services is an affiliated entity or as designated by Buyer ("Designee"). The Buyer intends to assign this agreement to a Designee to be organized under the laws of the state of Georgia, for the purpose owning and operating assets to be acquired from the WPGA TV Macon, Georgia.

- **PURCHASE AGREEMENT:**

Within sixty (60) business days after execution of this Letter of Intent by Seller and Buyer, Buyer shall prepare a Purchase and Sale Agreement (the "Purchase Agreement") for the Property setting forth the specific terms of the purchase and sale in accordance with this Letter of Intent, and thereafter the parties shall negotiate diligently and in good faith in an effort to reach agreement leading to the execution of the Purchase Agreement. Both parties require a formal Purchase Agreement to be executed in form and content satisfactory to each party and its counsel in their sole discretion. If a Purchase Agreement is not executed and delivered by both parties sixty (60) business days after execution of this Letter of Intent by both Buyer and Seller, this Letter of Intent shall automatically become null and void and of no further force and effect.

- **PURCHASE PRICE:**

Is Two Million Five Hundred Ninety Thousand Dollars and Zero Cents, $2,590,000. The purchase price of the existing real estate, FCC license and "relocation" system upgrade grant availability, additionally all improvements and equipment currently being used by the seller will be determined by the salvage value appraisal paid for by the Buyer.

- **CLOSING:**

The Purchase Price of the Property shall be paid in installments as follows:

- 325,000 at Closing by Buyer
- Upon the 6 - month anniversary of the closing $725,000
- Upon the 12 - month anniversary and the completion of the "relocation" of the WPGA signal $215,000
- Upon the 18 - month anniversary $1,325,000

    pursuant to the Purchase Agreement, subject to adjustments and prorations set forth in the Purchase Agreement.

- **DUE DILIGENCE:**

After execution of the Letter of Intent, Buyer will have a period of sixty (60) business days following Seller's delivery to Buyer to review all matters pertaining to the Property, including, without limitation, the conditions of title, survey, an environmental audit, and availability of financing.

Seller will cooperate with Buyer and its representatives during this Inspection Period and permit such access to the Property and Seller's files and records relating thereto as Buyer reasonably requests. The Purchase Agreement shall terminate in the event Buyer gives written notice to Seller that the results of Buyer's examinations and investigations undertaken during the Inspection Period are unsatisfactory to Buyer in Buyer's sole discretion, provided that such written notice is received by Seller on or before the expiration of the Inspection Period. Buyer will indemnify Seller from any claims against Seller arising from the Buyer's due diligence activities on the Property.

Subsequent to the completion of the Inspection Period the Buyer will prepare a Purchase Agreement with the following timeline and milestones.

- **PURCHASE PLAN**
  1. Phase 1 - Content Licensing Transition
     a. Estimated Time Line 20 business calendar days
  2. Phase 2 – Advertising and Re-Broadcast Customer Service Database and Content Upgrade Transition
     a. Estimated Time Line 20 business calendar days
  3. Phase 3 -Financial Management Transition
     a. Establish interim banking relationship
     b. Establish permanent banking relationship
     c. Delivery of a Closing Checklist and closing date, 10 days from delivery of Purchase Agreement from the Buyer.
  4. Phase 4 – Asset Acquisition and Operational Transition
     a. Completion of items 1-3 estimated at 120 Days from signing of Letter of Intent
  5. Critical Elements of the Purchase Agreement
     a. Advertising and Rebroadcast Customer Retention Period
     b. Financial Management Transition
     c. Service Upgrade Level Development Plan, FCC Receipt of Grant
     d. Southern Company Wireless Broadband Carrier Streaming Agreement

- **LIABILITIES:**

The sale of the assets comprising the Property, shall be made free and clear of all liabilities, liens, encumbrances, and security interests, of every kind, shall be delivered by Seller to Buyer as of the date of Closing and the Property, subject only to terms of existing contracts and such exceptions as may be approved by Buyer.

The current employees of the system shall enter into a six (6) month employment agreement with the Buyer upon mutually acceptable terms. The employees must agree to a covenant not to compete for a period of two (2) years, with the business of the Buyer.

The Buyer will assume the certain content distribution and licensing agreements of the Seller that it cannot procure on its own. The Buyer and Seller agree to comply with UCC Article 9 under Georgia Law governing bulk sales.

- **APPROVAL OF THE TRANSACTION:**

It is understood that this transaction is subject to the approval of the Stockholders and Board of Directors of Vital Inc. and approval of financing from acquisition funding sources. The Buyer and Seller agree to seek such approvals as soon as possible.

- **ASSET SURVEY:**

Buyer shall conduct an inspection, test, assessment, determination of viability, of all assets (the "Survey") as part of the due diligence activities of all Property. This will include a satisfactory assessment all technical information by the Buyer's engineers and patent attorneys, in order to determine technical feasibility and potential exposure for infringement, of existing patents. Buyer shall conduct an environmental audit of the premises and operations of the "Head End facilities to determine the presence of hazardous wastes and toxic substances.

- **CLOSING DATE:**

The closing date of the transaction contemplated by this Letter of Intent (the "Closing Date") shall within one hundred and twenty (120) business days after execution of this letter of intent.

- **PRORATIONS AND CLOSING ADJUSTMENTS:**

The Purchase Price shall be adjusted on the Closing Date for prorations and adjustments as necessary.

- **CLOSING COSTS:**

The Buyer is responsible for the closing costs pursuant to the terms of the purchase agreement.

- **FULL DISCLOUSRE:**

The WPGA TV Macon, Georgia shall make full and complete disclosure to the buyer and its accountants, attorneys, and funding sources of its business, technical, and financial information reasonably required to verify representations made as to business and assets to be sold.

It is understood that the Buyer and Seller will keep this agreement confidential and, except for as it may be necessary relate to the approvals mentioned above and the Buyer's due diligence and asset survey neither will make any disclosures of the proposed transaction.

- **COMMISSIONS:**

As of this writing it is contemplated that Doyle Hadden and Hadden & Assoc., 147 Eastpark Dr. Celebration, FL 34747 to be paid a commission by the buyer of 5% of total consideration and sale price at time of closing, and Sylvester Ford for financial services related to in the Purchase

Agreement, Buyer and Seller shall indemnify, defend and hold harmless the other from and against the claims, demands, actions and judgments of any and all brokers, agents and other persons or entities alleging a commission, fee or other payment to be owing by reason of their respective dealings, negotiations or communications in connection with the Purchase Agreement.

- **GOVERNING LAW**:

The provisions of this Letter of Intent shall be construed according to, and otherwise governed by, the laws of the State of Georgia, without regard to its conflicts of laws.

- **COUNTERPARTS**:

This Letter of Intent may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same.

The above sets forth an expression of the basic terms under which Buyer is prepared to proceed. If you agree with all of the above please indicate by dating signing, and returning a copy of this letter, upon receipt of which we will undertake to proceed as rapidly as possible to a closing of this transaction.

**BUYER:**
Vital Inc. dba Vital I-Net Services

By: *[signature]*

Signatory name: Alphonso Whitfield III

Signatory Title: President

Date: December 17, 2018


**SELLER:**
**ACCEPTED AND AGREED TO:**

_____

By: _____

Signatory name:_____

Signatory Title:_____

Date:_____

**EXHIBIT A**

The items designated for this exhibit will be inserted into the agreement prior to the preparation of the purchase agreement.

Use this link to download the document provided by Hadden and Associates.

## **EXHIBIT B**

The items designated for this exhibit will be inserted into the agreement prior to the preparation of the purchase agreement.